## THE CAROLINA.[1]

### McKENNA v. THE CAROLINA.

*(District Court, E. D. New York. December 27, 1886.)*

1. MARITIME LIENS—FAILURE TO PROVIDE SAFE MACHINERY FOR DISCHARGE OF CARGO.

> A lien arises against a vessel for damages occasioned by failure to provide safe machinery for the discharge of her cargo.

2. SAME—PERSONAL INJURY—STATEMENT OF CASE.

> As a hogshead was being hoisted from the hold of the steam-ship Carolina, a guy-rope, belonging to the ship and used for the hoisting, parted, and the

---

[1] Reported by Edward G. Benedict, Esq. of the New York bar.

fall of the hogshead injured libelant. The officers of the ship knew of the insufficiency of the rope. No fault could be attributed to libelant. *Held,* that he should recover his damages against the ship.

In Admiralty.

*Anson B. Stewart,* for libelant.

*Wheeler & Cortis,* for claimants.

BENEDICT, J. This is an action *in rem,* to enforce a lien upon the steam-ship Carolina for the damages sustained by the libelant, by reason of a personal injury, that occurred as follows: The libelant was one of a gang of longshore-men, employed at the time of the accident by a stevedore, who had contracted with the owners of the steamer to discharge the cargo of sugar with which the steamer was laden. The station of the libelant was on the dock and skid leading from the steamer's side to the dock, and his duty was to take care of the hogsheads of sugar when they were landed on the dock. The hogsheads were hoisted out of the hold, and lowered to the dock, by means of a tackle and fall attached to the boom, and this boom was steadied by a back guy-rope, leading from the boom to the off-shore side of the steam-ship. The tackle, boom, and guy-rope belonged to the ship, and were furnished by the officers of the ship for the purpose of hoisting out the cargo. In the process of hoisting out a hogshead of sugar from the hold the back guy-rope parted, and the boom swung, whereby the hogshead was thrown down the skid so rapidly that it caught the libelant before it was possible for him to get out of the way. His ankle was crushed, and for this injury he brings suit.

It is claimed by the defense that the accident was caused by a flaw in the rope, not discernible by ordinary inspection. On the part of the libelant, the rope is claimed to have been old and unfit. A latent flaw in the rope would perhaps reconcile some of the testimony; but it would be inconsistent with the testimony of several witnesses, who say that this same rope broke the day before. The testimony of the man at the winch is to the contrary; but his testimony is overborne by the testimony of the libelant's witnesses to the fact. The officers of the ship are therefore chargeable with knowledge of the insufficiency of the rope, and were guilty of negligence when they permitted it to be used after its insufficiency had been decided by its breaking. The guy-rope, boom, and tackle constituted a machine, constructed and used for the purpose of landing the sugar. This machine it was the duty of the ship-owner to maintain in a safe condition. Having failed in this duty, he is responsible for the results of his neglect. The libelant had nothing to do with the working of that machine; his duty commenced when the work of the machine ended. He had no occasion, therefore, to examine the rope in question, and was not bound to do so, but, on the contrary, had the right to assume that the machine provided for hauling the hogsheads out of the ship was fit and proper for the service; and he took no risk as to its condition. He was guilty of no neglect, therefore. Neither was he a fellow-servant with the officers of the ship. His employment was an

independent one,—his master was the boss stevedore. He assumed no risk whatever in regard to the method in which the ship-owner and his servants discharged their duties. If, therefore, this were an action *in personam* against the owner of the ship, the libelant's right to recover could not, in my opinion, be denied. Whether he has a lien upon the ship is a different question. Upon this question I am bound by the adjudication of the circuit court of this circuit in the case of *The Rheola*, 19 Fed. Rep. 926, where, in a case quite similar to this, a lien was enforced. In the opinion in that case the question of lien is adverted to simply to say that the existence of a lien was not disputed. I may, therefore, perhaps, with propriety add that I do not perceive any ground for a sound distinction between a claim for damages founded upon negligence in the navigation of the ship, where a lien always arises, and a claim like this, based upon neglect to provide safe machinery for the discharge of the cargo of the ship.

As to the damages, I think $450 will be a proper sum to award, with costs. Let a decree for that sum be entered.